# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DARRIN MESSERLI, | CASE NO. 1:11-cv-00291-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE |
| v. | A CLAIM UNDER SECTION 1983 |
| NORTH KERN STATE PRISON WARDEN MAURICE JUNIOUS, | (Doc. 1) |
| Defendant. | ORDER THAT DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

_____ /

**Screening Order and Dismissal**

**I.      Screening Standard and Requirement**

Plaintiff Nicholas Darrin Messerli, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 18, 2011.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader

2   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4   do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell

5   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required

6   to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

7   2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,

8   legal conclusions are not, and the factual allegations must be sufficient to state a plausible claim for

9   relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

10   The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct.

11   at 1949-50; Moss, 572 F.3d at 969.

12   **II.      Plaintiff's Claims**

13         **A.      Summary of Allegations**

14   Plaintiff, who is currently incarcerated at Avenal State Prison, brings this action against

15   Maurice Junious, Warden of North Kern State Prison, for $50,000.00 in damages arising out of the

16   apparent loss or theft of funds sent to Plaintiff.  Plaintiff's father sent him a money order in the

17   amount of $360.00.  The money order was cashed on March 3, 2010, by North Kern State Prison,

18   but Plaintiff's trust account was never credited.  Plaintiff was thereafter transferred to San Quentin

19   State Prison and all of his property was lost, including the receipt for the money order.

20   Plaintiff filed an inmate appeal on May 4, 2010, regarding the missing money but he did not

21   receive a response until June 28, 2010, in violation of the time frame set forth in the governing Title

22   15 regulation.  Plaintiff was then transferred to Avenal State Prison, where he resubmitted an appeal

23   on July 21, 2010.  Plaintiff's appeal, which had not been assigned a log number, was partially

24   granted on July 23, 2010, and he was informed that he would need the purchaser of the money order

25   to resolve the issue.

26   Plaintiff was subsequently informed by another staff member that he could not reimburse

27   Plaintiff, but Plaintiff could seek redress via the purchaser of the money order or by going through

28   the Board of Compensation in Sacramento.  On July 28, 2010, another staff member returned

1  Plaintiff's original appeal, partially granted but without a log number.  During this time, Plaintiff also

2  pursued a petition for writ of habeas corpus.

3         **B.**       **Due Process Claims**

4         Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

5  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

6  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

7  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations suggest two possible bases for

8  relief, neither of which is viable under section 1983.

9         First, to the extent Plaintiff is attempting to claim that he was deprived of property without

10  due process of law, the Due Process Clause is not violated by the random, unauthorized deprivation

11  of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer,

12  468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

13  Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not

14  pursue a due process claim arising out of the loss or theft of his money order funds.  Barnett, 31 F.3d

15  at 816-17 (citing Cal. Gov't Code §§ 810-895).

16         Next, a prison grievance procedure is a procedural right only and does not confer any

17  substantive right upon the inmates.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing

18  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) (quotation marks omitted); see also

19  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

20  because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th

21  Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v.

22  Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Therefore, the failure to respond to Plaintiff's appeal

23  within the time frame set forth in the applicable Title 15 regulation and the failure to assign a log

24  number to the appeal provide no basis for liability under section 1983.

25  **III.**    **Conclusion and Order**

26         Plaintiff's complaint fails to state any claims upon which relief may be granted under section

27  1983, and the deficiencies are not capable of being cured through amendment.  Lopez v. Smith, 203

28  ///

1    F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

2    Accordingly, it is HEREBY ORDERED that:

3         1.    This action is dismissed, with prejudice, for failure to state any claims under section

4               1983; and

5         2.    This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

6

7    IT IS SO ORDERED.

8    **Dated:    March 30, 2011**                    **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4